23CA0678 Peo v Burden 09-18-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA0678
Jefferson County District Court No. 22CR1765
Honorable Christopher C. Zenisek, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Jordon Christopher Burden,

Defendant-Appellant.

ORDER VACATED AND CASE
REMANDED WITH DIRECTIONS

Division III
Opinion by JUDGE DUNN
Tow and Berger*, JJ., concur

Prior Opinion Announced January 30, 2025, Vacated in 25SC101

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 18, 2025

Philip J. Weiser, Attorney General, Alejandro Sorg Gonzalez, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Jessica A. Pitts, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1     Defendant, Jordon Christopher Burden, appealed the district court's restitution order, contending that the court lacked authority to enter restitution beyond the statutory deadline.  This division agreed and vacated the restitution order.  *People v. Burden,* (Colo. App. No. 23CA0678, Jan. 30, 2025) (not published pursuant to C.A.R. 35(e)) (*Burden I*).

¶ 2     The supreme court, however, vacated *Burden I* and remanded the case to us for reconsideration in light of its decision in *People v. Roberson,* 2025 CO 30, which, under the circumstances presented there, concluded that the defendant had implicitly waived the right to have restitution determined within the statutory deadline.

¶ 3     Having considered *Roberson* and the parties' supplemental briefs, we conclude that the record before us doesn't support an implicit waiver.  Accordingly, the untimely restitution order must be vacated.

I.     Background

¶ 4     On September 26, 2022, Burden pleaded guilty to felony theft and agreed to pay restitution for all losses proximately caused by his conduct.  Nothing in the plea agreement, however, addressed the timing of restitution.  After entry of the plea, the court

1

sentenced Burden to one year in prison, ordered restitution, and granted the prosecution ninety-one days "to identify the amount."[1]

¶ 5 On November 10 — forty-five days after sentencing — the prosecution filed a motion requesting restitution.[2] A few days later, the court ordered defense counsel to file any objection to restitution within twenty-one days.

¶ 6 On November 30 — sixty-five days after sentencing — Burden objected to the restitution amount and requested a hearing.

¶ 7 On December 14 — seventy-nine days after sentencing — the court issued an order stating "[a] hearing may be set" and identified its setting hours. But for reasons the record doesn't explain, the

---

[1] Though the statutory deadline to enter restitution has since been amended, *see* Ch. 307, sec. 1, § 18-1.3-603(1)(b), 2025 Colo. Sess. Laws 1606, we cite to the 2022 statute in effect at the time of the charged crime. That statute required the district court either to determine the amount of restitution within ninety-one days of the judgment of conviction or to make an express good-cause finding to extend the deadline before the deadline expired. § 18-1.3-603(1)(b), C.R.S. 2022.

[2] Though not important to the outcome, we recognize that the first — and now vacated — opinion in this case states that the prosecution filed the restitution motion on November 11, 2022, but the record shows it was filed November 10. *See People v. Burden*, (Colo. App. No. 23CA0678, Jan. 30, 2025) (not published pursuant to C.A.R. 35(e)).

restitution hearing was not set until February 8, 2023 — 135 days after the sentencing hearing.

¶ 8　　On the day of the scheduled February 8 restitution hearing, Burden was not released from prison apparently because the prosecution failed to prepare a writ to transport Burden to the hearing.[3]  The parties agreed to reset the hearing with the prosecution pledging to "make sure to writ for the next hearing."

¶ 9　　The restitution hearing was ultimately held on March 8 — 163 days after sentencing.  That same day, the district court entered its restitution order.

## II.　Analysis

¶ 10　　As directed, we start with *Roberson*.  There, the supreme court concluded that the defendant had voluntarily waived the right to have restitution imposed within the ninety-one-day statutory deadline where defense counsel requested additional time to prepare for the restitution hearing, the court then proposed a hearing date that fell beyond the statutory deadline, and defense counsel "agreed to that date."  *Roberson*, ¶ 7.  After the statutory

---

[3] The record contains writs to other hearings, but not for the February 8 restitution hearing.

3

deadline had expired, defense counsel requested additional continuances. *Id.* at ¶ 8.

¶ 11    Contending that the record here "clearly aligns with" that in *Roberson*, the People argue that "Burden implicitly waived his statutory right to challenge the timeliness of the restitution order" because his defense counsel's actions "were inconsistent with the right he's now asserting on appeal." We aren't convinced.

### A.    Legal Principles and Standard of Review

¶ 12    When — as here — the right at issue is a statutory right, waiver "must be voluntary, but need not be knowing and intelligent." *Id.* at ¶ 13 (citation omitted).[4] A waiver may be express or implied. *See id.* An implied waiver requires conduct by a party or counsel "that manifests an intent to relinquish a right or

---

[4] Though Burden disagrees that a waiver of the restitution deadline need only be voluntary, he acknowledges that we are bound by the supreme court's holding that a voluntary waiver is enough.

privilege" or actions that are "inconsistent with its assertion."[5]  *Id.* (citation omitted); *see also Phillips v. People*, 2019 CO 72, ¶ 21 (noting that implied waivers require unequivocal conduct that clearly manifests an intent to relinquish the right).  The "mere failure to raise an issue" does not suffice.  *Phillips*, ¶ 21.

¶ 13    The remedy for an untimely restitution order is vacatur.  *Snow v. People*, 2025 CO 32, ¶ 4.

### B.    Burden Did Not Implicitly Waive His Statutory Right to a Timely Restitution Order

¶ 14    This case isn't like *Roberson*.  Nowhere in the record did Burden or defense counsel agree to a restitution hearing date beyond the statutory deadline.  *Cf. Roberson*, ¶ 7; *see also People v. Babcock*, 2025 CO 26, ¶ 30 (concluding that defense counsel's

---

[5] As directed, we apply the standard for an implied waiver set out in *People v. Roberson*, 2025 CO 30, ¶ 13.  But we see some inconsistency in *Roberson*.  More specifically, *Roberson* concludes that the waiver of the statutory restitution deadline need not be intentional and knowing yet simultaneously directs that an implied waiver of that right requires "an *intent* to relinquish a right or privilege."  *Id.* (emphasis added) (citation omitted).  And in articulating the standard for implied waivers of statutory rights, *Roberson* relies on *Forgette v. People*, a case involving the "*intentional* relinquishment of a *known* right or privilege."  2023 CO 4, ¶ 28 (quoting *People v. Rediger*, 2018 CO 32, ¶ 39).  Even so, we must apply the plain language of *Roberson*.

request to set the restitution hearing after the statutory deadline would expire "manifest[ed] an intent to relinquish" the defendant's right to have restitution determined within the statutory deadline (alteration in original)). And while the People assert — without citation to the record — that "defense counsel was an active participant in the ongoing scheduling of the restitution proceedings," they identify no actions or conduct by Burden or his counsel "that manifest[ed] an intent to relinquish" Burden's statutory right to a timely restitution order. *See Roberson*, ¶ 13.

¶ 15 To the contrary, the record shows only that Burden timely objected to the requested restitution and asked the court to set a hearing. What happened next is unknown. All we know is that the restitution hearing was set after the statutory deadline expired. We don't know if defense counsel objected to the proposed hearing date. And we see nothing in *Roberson* that suggests we should presume a manifestation of the intent to relinquish a statutory right from a silent record. Such a presumption from silence would be inconsistent with the supreme court's admonishment that "[w]e 'do not presume acquiescence in the loss of' a defendant's rights and therefore 'indulge every reasonable presumption against waiver.'"

*People v. Garcia*, 2024 CO 41M, ¶ 29 (quoting *People v. Rediger*, 2018 CO 32, ¶ 39).

¶ 16 To the extent the People argue that defense counsel manifested an intent to waive the statutory deadline by not objecting to untimeliness at the February 8 restitution hearing, we don't see how that matters. After all, the statutory deadline had already expired by February 8 and — unlike *Roberson* — nothing in the record shows that Burden or his counsel had waived the deadline before February 8. The People don't explain how Burden's failure to point out that the court no longer had authority to impose restitution could revive and then waive a statutory deadline that had already expired. *See People v. Weeks*, 2021 CO 75, ¶ 45.[6]

¶ 17 Under the circumstances here, we can't agree that the record demonstrates that Burden or defense counsel implicitly waived the

---

[6] Even if we were to consider the fact that the court granted a single continuance after it had lost authority to impose restitution, the reason it did so was not because defense counsel needed more time or was not prepared. *Cf. Roberson*, ¶¶ 7-8. Rather, the prosecution didn't prepare the writ for the February 8 hearing. Because Burden had a right to be present at the restitution hearing, *see People v. Hernandez*, 2019 COA 111, ¶ 1, and because nothing in the record shows that he waived the right to be present, we do not agree that defense counsel's consent to resetting the hearing to secure Burden's presence changes the waiver analysis.

right to a timely restitution order through either words or conduct. Because the restitution order was untimely, it must be vacated. *Snow*, ¶ 4.

## III.  Disposition

¶ 18    The restitution order is vacated, and the case is remanded for amendment of the mittimus to reflect that no restitution is owed.

JUDGE TOW and JUDGE BERGER concur.